UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BROWN,

        Plaintiff,

vs.

HSBC BANK N.A., PATHWAY
FINANCIAL LLC, OAKLAND
COUNTY SHERIFF DEPARTMENT
and POTESTIVO & ASSOCIATES,

        Defendants.
_____/

Case No. 09-CV-14616

HON. GEORGE CARAM STEEH

ORDER GRANTING OAKLAND COUNTY SHERIFF
DEPARTMENT'S MOTION TO DISMISS [DOC. 2] AND HSBC
BANK AND POTESTIVO & ASSOCIATES' MOTION TO DISMISS [DOC. 3]

On April 18, 2007, plaintiff Melissa Brown executed a mortgage in favor of Pathway Financial, LLC as security for an adjustable rate note in the amount of $193,600.00. The mortgage was secured by real property located at 1735 Rosedale Street, West Bloomfield, Michigan 48324. On May 21, 2007, the mortgage was assigned to HSBC Bank USA, N.A., as Trustee ("HSBC"). Plaintiff fell behind in her mortgage payments and after she failed to cure the amount past due, the debt was accelerated and a mortgage foreclosure sale took place on November 25, 2008. A Sheriff's Deed was issued to HSBC, the successful bidder at the sale.

After expiration of the six-month statutory redemption period, which expired on May 25, 2009, HSBC retained Potestivo & Associates ("Potestivo") to institute summary proceedings for possession of the property in the 48th Judicial District Court for the

State of Michigan. On June 4, 2009, plaintiff filed an action in the Oakland County Circuit Court against HSBC, Pathway Financial, Potestivo, and the County of Oakland. On August 21, 2009, HSBC and Potestivo filed motions for summary disposition, which were granted on October 16, 2009.

HSBC proceeded with seeking possession of the property, and on November 25, 2009, the 48th District Court entered a judgment for possession after a hearing. An order of eviction was issued and eviction was scheduled for December 15, 2009. However, plaintiff filed for Chapter 7 Bankruptcy that same day, halting the eviction. On December 22, 2009, HSBC filed a motion for relief. On December 31, 2009, plaintiff's bankruptcy was dismissed because she failed to file the required documents.

Plaintiff filed the present action on November 24, 2009, one day prior to the eviction hearing. Plaintiff requests that this court grant relief that would be contrary to that of the October 16, 2009 decision of the Oakland County Circuit Court. The court is familiar with the pleadings filed in this case, and determines that oral argument would not significantly aid the decisional process.

I. Oakland County Sheriff Department

The Oakland County Sheriff Department is an entity that is not amenable to suit, and must be dismissed as a party defendant because plaintiff has failed to state a claim upon which relief can be granted. See Sumner v. Wayne County, 94 F.Supp.2d 822 (E.D. Mich. 2000) (holding that under Michigan law, the Wayne County Sheriff's Department is not a recognized legal entity subject to suit). Therefore, defendant Oakland County Sheriff Department is dismissed from plaintiff's lawsuit. Fed. R. Civ. P. 12(b)(6).

II. <u>Improper Service of Process Upon HSBC and Potestivo</u>

Plaintiff purportedly served her complaint upon Potestivo on December 17, 2009 by certified mail to "Potestivo & Assoc., P.C., 811 South Blvd., Ste. 100, Rochester Hills, MI 48307." Pursuant to Fed. R. Civ. P. 4(h) and MCR 2.105(D), such service was ineffective because plaintiff did not serve an officer or resident agent of Potestivo. Furthermore, plaintiff's complaint was purportedly served upon HSBC on December 17, 2009 by certified mail to "HSBC Bank NA c/o Potestivo & Assoc., P.C., 811 South Blvd., Ste 100, Rochester Hills, MI 48307." Plaintiff's service of process on HSBC is similarly ineffective because plaintiff did not address it to an officer, partner or authorized agent of HSBC.

There is no proof of service as to defendant Pathway Financial LLC., nor has Pathway Financial LLC appeared in the case.

Because the summons has not yet expired, the court will address the other arguments made by defendants in their motions to dismiss.

III. <u>*Rooker-Feldman* Doctrine</u>

The Rooker-Feldman Doctrine stands for the proposition that federal district courts do not have jurisdiction to review a case litigated and decided in state court. <u>Anderson v. Charter Twp. of Ypsilanti</u>, 266 F.3d 487, 492 (6th Cir. 2001). Rooker-Feldman serves as a jurisdictional bar and should be decided before *res judicata*. <u>Hutcherson v. Lauderdale County</u>, 326 F.3d 747, 754 (6th Cir. 2003).

The Rooker-Feldman doctrine "involves a two-part analysis: (1) whether the federal claims are 'inextricably intertwined' with the claims asserted in the prior state court proceeding, and (2) whether the federal claims allege a specific grievance that the

3

law was improperly applied, for which the *Rooker Feldman* doctrine would apply, as opposed to a general constitutional challenge to the state law applied in the state action." Smith v. Provident Consumer Fin. Servs., 2006 U.S. Dist. LEXIS 48265, *11-12 (E.D. Mich. 2006) (citing Hutcherson at 755-56). "A federal claim is 'inextricably intertwined' with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Id. at *12 (citing Hutcherson at 756). Therefore, if granting relief on the federal claim would imply that the state court judgment was incorrect, then federal courts do not have jurisdiction. Id. (citing Gilbert v. Ferry, 298 F.Supp.2d 606, 613 (E.D. Mich. 2003)), Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

In this case, the Oakland County Circuit Court determined that HSBC, Pathway, Potestivo, and Oakland County complied with the statutory requirements for foreclosure by advertisement in Michigan and that plaintiff failed to state claims for Fair Debt Collection Practices Act violations, Truth in Lending Act violations, and fraudulent misrepresentation. Plaintiff's current action raises the same claims that were addressed by the Oakland County Circuit Court in its October 16, 2009 order. This is precisely the type of situation barred under the Rooker-Feldman doctrine.

IV. *Res Judicata*

Under Michigan law, res judicata will bar a subsequent action when "'(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." Bates v. Township of Van Buren, 459 F.3d 731, 734 (6th Cir. 2006) (quoting Adair v. State, 470 Mich. 105, 680 N.W.2d 386, 396 (Mich. 2004)).

4

Regarding the first prong, the Oakland County Circuit Court clearly rendered a final judgment on the merits when granting HSBC and Potestivo's motions for summary disposition. As to the second prong, the same parties or their privies are involved in both actions. As to the third prong, the claims asserted in the present action are the same as those asserted by plaintiff in the Oakland County Circuit Court action.

In the present action, plaintiff asserts gross negligence against the Oakland County Sheriff Department alleging that the Sheriff's sale was improper because the sale was not conducted by an authorized person. However, the Oakland County Circuit Court held that the Sheriff's sale was properly conducted and found "no merit in Plaintiff's argument that the foreclosure was invalid due to the alleged defect in the appointment of Matthew Chodak."

Plaintiff next asserts violation of the Fair Debt Collection Practices Act against Potestivo, alleging Potestivo failed to validate plaintiff's debt. Plaintiff brought this same claim in the Oakland County Circuit Court action, and the court held that plaintiff failed to present any facts to support her claim.

Third, plaintiff asserts violation of the Truth in Lending Act against Pathway. This claim was brought in the Oakland County Circuit Court action, and the court granted summary disposition in favor of Pathway.

Finally, plaintiff asserts that HSBC lacked standing to bring suit in state court pursuant to the National Bank Act of 1963. National associations can sue or be sued in any court of law and equity pursuant to 12 U.S.C. § 24. Furthermore, plaintiff does not allege what suit HSBC lacked standing to bring. Plaintiff is precluded from bringing this claim in this action because it could have been raised and resolved in the state action.

V. Conclusion

For all of the reasons stated above, plaintiff's complaint is DISMISSED WITH PREJUDICE as to defendants HSBC, Potestivo and Oakland County Sheriff Department. Defendant Pathway Financial LLC does not appear to have been served with the complaint, and the summons has not yet expired. However, as explained in the court's opinion, the Rooker-Feldman doctrine and res judicata would bar plaintiff's claims against Pathway.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 25, 2010, by electronic and/or ordinary mail.

s/M. Beauchemin
Deputy Clerk